**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynnell Levingston, | No. CV-09-08138-PCT-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Patricia Piburn, Victoria Earle, Steve West, David Gregory, Jody Tapia, Carol Haverstick, Erasmo Chavez, Mike Nuttail, Mel Cody, Jerry McLain, Vicki Wilkins, Kenneth Issacson, Thomas "Benny" Garms, Roger Vanderpool, David Denlinger, Raymon Piburn, | |
| Defendants. | |

This case arises upon the Court's review of Defendant Piburn's Notice of Plaintiff's Bankruptcy Filing. (docket # 71) First reviewed on December 2, 2009, this Notice informs the Court and the parties of Plaintiff's recent bankruptcy filing.

The Court has independently confirmed that Plaintiff Lynnell Levingston has filed for bankruptcy protection on November 10, 2009 in the United States Bankruptcy Court for the District of Arizona in case No. BK-09-29095-PHX-RTB.

By virtue of the automatic stay imposed pursuant to 11 U.S.C. § 362(a)(1) with the filing of Plaintiff's Chapter 7 Bankruptcy Petition, all pending matters against Defendants are, and will remain stayed, until further order of the Court. 11 U.S.C. § 362(a)(1); *O'Donnell v. Vencor Inc.*, 466 F.3d. 1104 (9th Cir. 2006).

Plaintiff's bankruptcy docket, No. BK-09-29095-PHX-RTB, reflects Mr. Lawrence J. Warfield, P.O. Box 14647, Scottsdale, Az 85267 was appointed as the Bankruptcy Trustee for Plaintiff's bankruptcy estate. A bankruptcy trustee is vested with the exclusive right to sue on behalf of a bankruptcy estate. Title 11 U.S.C. § 323; *Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006) ("[T]he bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate."). The Ninth Circuit makes clear that although "the trustee may authorize others to bring suit, . . . the right to bring suit - or choose not to do so - belongs to the trustee in the first instance." *Id*. at 1175(citing with approval, among others, *Parker v. Wendy's Int'l, Inc*., 365 F.3d 1268, 1272 (11th Cir. 2004) ("[A] trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate.")) .

In *O'Donnell*, plaintiff's federal civil action was placed on inactive status to give her sufficient time to move to lift a bankruptcy stay, to reduce her Title VII claims against defendant to judgment in the bankruptcy court, or to otherwise demonstrate a reasonable basis to continue her District Court civil case on inactive status. 466 F.3d. at 1107-08. O'Donnell was warned that failure to comply with the court's order would result in dismissal of her complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). Eleven days after the expiration of the deadline, O'Donnell filed an untimely motion, seeking a continuance of her case on inactive status and requesting an informal status conference. After a status conference hearing was set, O'Donnell failed to appear at the hearing. O'Donnell's complaint was dismissed without prejudice under Rule 41(b). She did not appeal that dismissal. *Id*. at 1108. "Although [t]he general rule is that actions taken in violation of an automatic stay are void, the dismissal for failure to prosecute was not void because it did not constitute a continuation of a judicial proceeding against the debtor under 11 U.S.C. § 362(a)(1)." *Id*. (internal quotation marks and citations omitted). Dismissal of O'Donnell's complaint was affirmed.

Plaintiff is similarly advised that her lawsuit against Defendants will be dismissed on or shortly after March 5, 2010 (90 days) pursuant to Rule 41(b), FED.R.CIV.P., (dismissal for lack of prosecution) unless prior to the scheduled dismissal date, Plaintiff, with express written authorization from the Bankruptcy Trustee, or the Trustee demonstrates that the bankruptcy stay has been lifted; Plaintiff or the Trustee has sought to reduce Plaintiff's claims against Defendants to judgment in the Bankruptcy Court in an adversary proceeding which has not yet been adjudicated despite Plaintiff's or the Trustee's due diligence to do so; or Plaintiff or the Trustee timely demonstrates to the undersigned a reasonable basis for continuance of this lawsuit on inactive status. Any party herein may request the Court to schedule an informal status conference before the 90-day period expires to inform the Court what action, if any, has been undertaken in the Bankruptcy Court that would permit this lawsuit to proceed.

On the Court's own motion,

**IT IS ORDERED** staying this lawsuit in its entirety and placing it on inactive status until **March 5, 2010** (90 days) for dismissal without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk to mail a copy of this Order to Mr. Lawrence J. Warfield, P.O. Box 14647, Scottsdale, Az 85267.

Dated this 3rd day of December, 2009.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge