**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynnell Levingston,<br><br>    Plaintiff,<br><br>vs.<br><br>Patricia Piburn, et al.,<br><br>    Defendants. | No. CV-09-8138-PCT-LOA<br><br>**ORDER** |

This matter is before the Court on its own review and on the Motion of Defendants Haverstick and Chavez to continue on Inactive Calendar, docket # 83.

**I. Notice of Bankruptcy and Assignment to Inactive Calendar**

Plaintiff, proceeding *pro se*, commenced this action on August 24, 2009 against numerous Defendants. (docket # 1) On December 1, 2009, Defendants Patricia and Raymon Piburn filed a Notice of Filing Bankruptcy, advising the Court that Plaintiff had filed a petition for Chapter 7 bankruptcy in the U.S. Bankruptcy Court, District of Arizona. (docket # 71) In view of the notice of bankruptcy, and the automatic stay provision of 11 U.S.C. § 362(a)(1), the Court placed this matter on its inactive calendar until March 5, 2010. (docket # 73) On March 9, 2010, the Court issued an order continuing this matter on its inactive calendar until March 22, 2010. (docket # 82) The March 9, 2010 Order also directed Plaintiff, with the written authorization of the Bankruptcy Trustee, or the Bankruptcy Trustee himself to show cause why this matter should be not be dismissed for failing to show a reasonable basis why this matter should be continued on inactive status. (docket # 82)

Neither Plaintiff nor the Bankruptcy Trustee responded to the March 9, 2010 Order. As discussed below, the Court will return this matter to its active calendar and, despite *pro se* Plaintiff's failure to respond to the March 9, 2010 Order, will not dismiss this matter at this time.

While the Court's stay order had the benefit of potentially reducing the costs of this litigation and the judicial management of this case shortly after the bankruptcy filing, the Court concludes that the automatic stay provision of 11 U.S.C. § 362 does not apply to this prepetition action filed by the bankruptcy debtor. *In re Merrick*, 175 B.R. 333, 336 (9th Cir. 1994) (noting that "§ 362 does not stay the hand of the trustee from continuing to prosecute a pre-bankruptcy lawsuit instituted by the debtor.") (citing *Merchants & Farmers Bank of Dumas v. Hill*, 122 B.R. 539, 541 (E.D.Ark. 1990)); *White v. City of Santee*, 186 B.R. 700, 704 (9th Cir. 1995) ("The trustee or debtor in possession is not prevented by the automatic stay from prosecuting or appearing in an action which the debtor has initiated and that is pending at the time of bankruptcy."); *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n.*, 892 F.2d 575, 577 (7th Cir. 1999) (stating that "the automatic stay is inapplicable to suits *by* the bankrupt ('debtor', as he is now called.") (emphasis in original); *Sanchez v. Torres*, No. 07-4174, 2008 WL 1701900, at * 1 n. 2 (N.D.Cal. 2008) (citations omitted). Because the automatic stay provision of 11 U.S.C. § 362 does not apply, the Court will return this matter to its active calendar consistent with its responsibilities under the Civil Justice Reform Act.

Although the stay order no longer applies to this matter, Plaintiff's filing of a bankruptcy petition[1] has other significant ramifications which the Court will address in this Order.

**II. Applicable Law**

The filing of a bankruptcy petition creates an estate in bankruptcy. 11 U.S.C. §

---

[1] Review of the Bankruptcy Court's records confirms that Plaintiff has an pending Chapter 7 bankruptcy proceeding in the U.S. Bankruptcy Court, District of Arizona, petition # 2:09-bk-31573-RTB.

301(b) ("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter) and § 541 (governing the property of a bankruptcy estate); *In re Raintree Healthcare Corp.*, 431 F.3d 685, 688 (9th Cir. 2005). The property of a bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Moreover, "prepetition causes of action . . . are assets included within the meaning of property of the estate." *Hernanadez v. Downey Sav. & Loan Ass'n, F.A.*, 2009 WL 704381, at * 3 (S.D.Cal. 2009) (citing *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001)). *See e.g., Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 708 (9th Cir. 1986).

Here, Plaintiff filed suit in this Court on August 24, 2009. (docket # 1) She filed for Chapter 7 bankruptcy on November 10, 2009 in the United States Bankruptcy Court, District of Arizona petition No. 2:09-bk-29095-PHX-RTB.[2] Her prepetition claims, which include those in this lawsuit, are therefore property of the bankruptcy estate. *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003). A bankruptcy trustee is the estate's representative, and has the capacity to sue and be sued. 11 U.S.C. § 323 (2009). "Because the bankruptcy trustee controls the bankruptcy estate, [he] is the real party in interest in the suits that belong to the estate." *Griffin v. Allstate Ins., Co.*, 920 F.Supp. 127, 130 (C.D.Cal. 1996). After filing a Chapter 7 bankruptcy petition, a debtor may not prosecute a cause of action belonging to the bankruptcy estate absent a showing that her claims were exempt from the bankruptcy estate or abandoned by the bankruptcy trustee. *Cobb v. Aurora Loan Services, LLC.*, 408 B.R. 351, 354 (E.D. Ca. 2009) (citing, among others, *Hernandez*, 2009 WL 704381, at * 5 and *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 708 (9th Cir. 1986)); Fed.R.Civ.P. 17(a) ("An action must be prosecuted in the name of the real party in interest.").

On the existing record, the Court cannot determine whether Plaintiff's prepetition

---

[2] Petitioner's proceeding in 2:09-bk-29095-PHX-RTB was dismissed and reinstated on January 8, 2010 in petition 2:09-bk-31573-RTB.

claims set forth in this action are exempt from the bankruptcy estate or whether this cause of action has been abandoned by the bankruptcy trustee. 11 U.S.C. § 522 (specifying the federal property exemptions available to debtors); 11 U.S.C. § 554(a) (stating that abandonment of bankruptcy estate property may occur by the trustee after notice to creditors and a hearing); 11 U.S.C. § 554(b) (stating that abandonment of bankruptcy estate property may occur on request of a party in interest after notice and a hearing); 11 U.S.C. § 554(c) (abandonment of bankruptcy estate property may occur when the case is closed and the trustee has not otherwise administered the property).

As discussed above, Plaintiff is not the real party in interest to this case as required by Fed.R.Civ.P. 17. Thus, Plaintiff must substitute or join the Bankruptcy Trustee, or show the Trustee's ratification of this action, pursuant to Fed.R.Civ.P. 17(a)(3).[3] Alternatively, Plaintiff may amend her complaint to allege her lawsuit is exempt from the bankruptcy estate or has been abandoned by the Bankruptcy Trustee. Plaintiff must take the foregoing actions on or before April 9, 1010 or her case may be dismissed.

**III. Motion to Continue on Inactive Calendar**

On March 9, 2010, Defendants Haverstick and Chavez filed a motion, requesting that this matter remain on the Court's inactive calendar for thirty days "to allow the bankruptcy trustee time to assess the claims and determine appropriate action." (docket # 83) In view of the Court's *sua sponte* determination that this matter should be returned to its active calendar, the Court will deny that motion. Additionally, because this Order grants Plaintiff and the bankruptcy trustee until April 9, 2010 to respond to this Order regarding the status of this action, the bankruptcy trustee will have the 30 days requested by these Defendants to assess the claims and determine the appropriate action.

In accordance with the foregoing,

---

[3] Federal Rule of Civil Procedure 17(a) states that "[e]very action shall be prosecuted in the name of the real party in interest." *Id*. It also provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been for the real party in interest to ratify, join, or be substituted into the action." *Id.*

**IT IS ORDERED** returning this matter to the Court's active calendar and discharging the obligation of Plaintiff or the Bankruptcy Trustee to respond to the March 9, 2010 Order, docket # 82.

**IT IS FURTHER ORDERED** that on or before **April 9, 2010**, Plaintiff shall substitute or join the Bankruptcy Trustee, or show the Trustee's ratification of this lawsuit, pursuant to Fed.R.Civ.P. 17(a)(3); *or alternatively*, Plaintiff shall amend her complaint to allege the lawsuit is exempt from the bankruptcy estate or has been abandoned by the bankruptcy trustee.

**IT IS FURTHER ORDERED** that Plaintiff's failure to comply with this Order may result in dismissal of this cause of action pursuant to Fed.R.Civ.P. 41(b).

**IT IS FURTHER ORDERED** that the Motion of Defendants Haverstick and Chavez to Continue on Inactive Calendar (docket # 83) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Order to Lawrence J. Warfield, Bankruptcy Trustee, P.O. Box 14647, Scottsdale, AZ 85267.

Dated this 25th day of March, 2010.

Lawrence O. Anderson
United States Magistrate Judge