**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynnell Levingston,<br><br>    Plaintiff,<br><br>vs.<br><br>Patricia Piburn, et al.,<br><br>    Defendants. | No. CV-09-8138-PCT-LOA<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Second Motion for Expenses for Failure to Waive. (docket # 85) Plaintiff seeks to recover expenses incurred due to the failure of several defendants to waive service of process. Plaintiff filed the pending motion on March 10, 2010, while this matter was stayed and on the Court's inactive calendar. In a March 25, 2010 Order, the Court returned this matter to the active calendar. In view of the procedural history of this case, the Court permitted Defendants until April 9, 2010 to respond to Plaintiff's motion. (docket # 89) Although the deadline has passed, none of the Defendants identified in Plaintiff's motion has filed a response. Despite Defendants' failure to respond, Plaintiff has not shown that she is entitled to recover expenses for failure to waive service.

**I. Federal Rule of Civil Procedure 4(d)(2)**

Federal Rule of Civil Procedure 4(d)(2) provides that:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

*Id.* A plaintiff may recover expenses pursuant to Rule 4(d)(2) even if she does not ultimately prevail in the action. *Estate of Darulis v. Garate*, 401 F.3d 1060, 1064 (9th Cir. 2005).

If a plaintiff does not produce admissible evidence showing that the defendant refused a request to waive service, a district court should deny the Rule 4(d)(2) motion. *Royal Travel, Inc. v. Shell Management Hawaii, Inc*., No. 08-00314-JMS-LEK, 2010 WL 167954, at * (D. Hawai'i 2010), *amended by*, *Royal Travel, Inc. v. Shell Management Hawaii, Inc*., 2010 WL 932007 (D.Hawai'i 2010) (awarding expenses under Rule 4(d) after plaintiff provided sufficient evidence of mailing waiver requests to defendants). There is good cause for failing to waive service if the defendant never received the request for waiver of service. *Id*. (citing *Double S. Truck Line, Inc. v. Frozen Food Express*, 171 F.R.D. 251, 253 (D. Minn. 1997)). However, "[i]t is not good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction." *Royal Travel*, 2010 WL 167954, at * 3 (citing Fed.R.Civ.P. 4(d), advisory committee note (1993 Amendments)).

**II. Analysis**

In her pending motion, Plaintiff states that Defendants Earle, Garms, McClain, Haverstick, Chavez, Patricia Piburn, Raymon Piburn, and Kenneth Isaacson "failed to sign and return the requested Waiver of Service Summons, required by Rule 4 of the Federal Rules of Civil Procedure." (docket # 85) Plaintiff does not identify the dates on which she mailed the requests to waive the service of summons to each Defendant identified in her motion. Plaintiff merely refers to "attachment 1" as evidence that she mailed requests for waiver of service of summons to Defendants Earle, Garms, McClain, Haverstick, Chavez, Patricia Piburn, Raymon Piburn, and Kenneth Isaacson. (docket # 85 at 1) Plaintiff's motion, however, does not include an "attachment 1" or other any other exhibits regarding

mailing a request for waiver of service to Defendants Earle, Garms, McClain, Haverstick, Chavez, Patricia Piburn, Raymon Piburn, and Kenneth Isaacson.

Plaintiff previously filed an similar motion for expenses for failure to waive service which the Court denied, without prejudice, as premature. (dockets # 65, # 66) Unlike the pending motion, Plaintiff's first motion included an "attachment 1." (docket # 65) However, that attachment is merely a blank "Waiver of Service of Summons Form" and contains no information regarding the dates on which Plaintiff allegedly mailed such forms to Defendants Earle, Garms, McClain, Haverstick, Chavez, Patricia Piburn, Raymon Piburn, and Kenneth Isaacson.

In view of the lack of evidence that establishing that Plaintiff mailed requests for waiver of service to Defendants Earle, Garms, McClain, Haverstick, Chavez, Patricia Piburn, Raymon Piburn, and Kenneth Isaacson and that these Defendants allegedly refused to waive service, the Court will deny Plaintiff's Rule 4(d)(2) motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Second Motion for Expenses for Failure to Waive, docket # 85, is **DENIED** with prejudice.

DATED this 10th day of June, 2010.

Lawrence O. Anderson
United States Magistrate Judge