IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lynnell Levingston,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Patricia Piburn, et al.,<br><br>　　　　Defendants. | No. CV-09-8138-PCT-LOA<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff's Motion to Dismiss Without Prejudice, docket # 92, and the Renewed Motion to Dismiss With Prejudice, docket # 93, of Defendants Roger Vanderpool, Mel Cody, and David Denlinger ("State Defendants"). For the reasons set forth below, the undersigned Magistrate Judge recommends that this case be dismissed without prejudice on Plaintiff's Motion for her failure to comply with Court orders pursuant to Fed.R.Civ.P. 41(b).

**I. Magistrate Judge Jurisdiction**

Plaintiff and all but two Defendants, Kenneth Isaacson and Victoria Earle, have consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (dockets ## 37, 39, 53, 54, 68, 69) Although it appears that Defendants Earle and Isaacson have been served, neither has appeared in this action. (docket ## 59, # 85, Exh. 2). Arguably, the under signed has jurisdiction to enter a final judgment in this matter because Plaintiff and all of the Defendants who have appeared have consented in writing to magistrate jurisdiction even though Defendants Earle and Isaacson have not consented because they are technically not

parties by failing to appear in this action. *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with applicable filing requirements, was not a "party."); *United States v. 8136 S. Dobson Street*, 125 F.3d 1076 (7th Cir. 1997); *EEOC v. West Louisiana Health Services, Inc.*, 959 F.2d 1277, 1279-80 (5th Cir. 1992). However, because the Ninth Circuit has not expressly addressed this issue, and, at least, one Circuit Court has found to the contrary,[1] in an abundance of caution, the undersigned will issue a Report and Recommen-dation to the Phoenix Presiding District Judge for June, 2010, the Honorable Roslyn O. Silver, United States District Judge.

## II. Background

Plaintiff, proceeding *pro se*, commenced this action on August 24, 2009 against numerous defendants. (docket # 1) On October 26, 2009, Defendant Piburn moved to dismiss Plaintiff's cause of action for failure to state a claim. (docket # 28) On October 28, 2009, the State Defendants moved to dismiss the complaint. (docket # 33) Rather than responding to the motions to dismiss, Plaintiff sought leave to file a First Amended Complaint. (docket # 51) On December 2, 2009, the Court granted Plaintiff's motion for leave to file a First Amended Complaint and directed Plaintiff to file her First Amended Complaint within fourteen days of the December 2, 2009 Order. (docket # 72)

In the meantime, on December 1, 2009, Defendants Patricia and Raymon Piburn filed a Notice of Filing Bankruptcy, advising the Court that Plaintiff had filed a petition for Chapter 7 bankruptcy in the U.S. Bankruptcy Court, District of Arizona. (docket # 71) In view of the bankruptcy notice, on December 4, 2009, the Court placed this matter on its inactive calendar until March 5, 2010. (docket # 73) On March 9, 2010, the Court issued

---

[1] *Henry v. Tri-Services, Inc.*, 33 F.3d 931, 932 (8th Cir. 1994) ("We hold that the magistrate judge lacked authority to enter final judgment because [the defaulted party] did not consent to have the matter tried to the magistrate judge.")

- 2 -

an order continuing this matter on its inactive calendar until March 22, 2010. (docket # 82) The March 9, 2010 Order also directed Plaintiff, with the written authorization of the Bankruptcy Trustee, or the Bankruptcy Trustee himself, to show cause why this matter should be not be dismissed for failing to show a reasonable basis why this matter should be continued on inactive status. (docket # 82) Neither Plaintiff nor the Bankruptcy Trustee responded to the March 9, 2010 Order. Additionally, Plaintiff never filed a First Amended Complaint as directed in the December 2, 2009 Order.

Thereafter, in an March 26, 2010 Order, the Court returned this matter to its active calendar, noting that the automatic stay provision of 11 U.S.C. § 362 does not apply to this action which was initiated by the bankruptcy debtor. (docket # 87) *In re Merrick*, 175 B.R. 333, 336 (9th Cir. 1994) (noting that "§ 362 does not stay the hand of the trustee from continuing to prosecute a pre-bankruptcy lawsuit instituted by the debtor.") (citing *Merchants & Farmers Bank of Dumas v. Hill*, 122 B.R. 539, 541 (E.D.Ark. 1990)); *White v. City of Santee*, 186 B.R. 700, 704 (9th Cir. 1995) ("The trustee or debtor in possession is not prevented by the automatic stay from prosecuting or appearing in an action which the debtor has initiated and that is pending at the time of bankruptcy."); *Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n.*, 892 F.2d 575, 577 (7th Cir. 1999) (stating that "the automatic stay is inapplicable to suits *by* the bankrupt ('debtor', as he is now called.") (emphasis in original); *Sanchez v. Torres*, No. 07-4174, 2008 WL 1701900, at * 1 n. 2 (N.D.Cal. 2008) (citations omitted). In that same order, the Court noted that Plaintiff filed suit in this Court on August 24, 2009, and then filed for Chapter 7 bankruptcy on November 10, 2009 in the United States Bankruptcy Court, District of Arizona petition No. 2:09-bk-29095-PHX-RTB.[2] Thus, her prepetition claims – which include those in this lawsuit – are property of the bankruptcy estate. *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003). The bankruptcy trustee, the estate's representative, is "the real party in interest in the suits

---

[2] Petitioner's proceeding in 2:09-bk-29095-PHX-RTB was dismissed and reinstated on January 8, 2010 in petition 2:09-bk-31573-RTB.

that belong to the estate." *Griffin v. Allstate Ins., Co.*, 920 F.Supp. 127, 130 (C.D.Cal. 1996). The Court further noted that, after filing a Chapter 7 bankruptcy petition, a debtor may not prosecute a cause of action belonging to the bankruptcy estate absent a showing that her claims were exempt from the bankruptcy estate or abandoned by the bankruptcy trustee. *Cobb v. Aurora Loan Services, LLC.*, 408 B.R. 351, 354 (E.D. Ca. 2009) (citing *Hernandez v. Downey Sav. & Loan Ass'n. F.A.*, 2009 WL 704381, at * 5)); Fed.R.Civ.P. 17(a) ("An action must be prosecuted in the name of the real party in interest.").

Accordingly, the Court ordered "that on or before **April 9, 2010**, Plaintiff shall substitute or join the bankruptcy trustee, or show the trustee's ratification of this action, pursuant to Fed.R.Civ.P. 17(a)(3); *or alternatively*, Plaintiff shall amend her complaint to allege the lawsuit is exempt from the bankruptcy estate or has been abandoned by the bankruptcy trustee." (docket # 87) (emphasis in original) The Court warned Plaintiff that "failure to comply with this Order may result in dismissal of this cause of action pursuant to Fed.R.Civ.P. 41(b)." (*Id*.)

Despite the Court's warning of possible dismissal, Plaintiff neither responded to the March 26, 2010 Order nor otherwise communicated with the Court. In an abundance of caution, on April 14, 2010, the Court gave Plaintiff a third opportunity to show cause why this matter should not be dismissed for failure to comply with Court orders. (docket # 91) As in the past, Plaintiff did not respond directly to the Court's April 14, 2010 Order. Rather, on April 15, 2010, Plaintiff filed a Motion to Dismiss without Prejudice. (docket # 92) Plaintiff's motion was signed and dated April 15, 2010. Although Plaintiff likely received electronic notice of the April 14, 2010 Order, she neither refers to that Order nor responds directly thereto in her Motion to Dismiss. (docket # 92) Plaintiff, as has been her practice throughout this litigation, completely disregards the Court's April 14, 2010 Order. Plaintiff simply requests to dismiss her case without prejudice due to her perception of bias and prejudice. (docket # 92) Plaintiff also contends that she has been denied equal access to the courts because she is unrepresented.

Plaintiff has three times disregarded the Court's Orders to Show Cause. Plaintiff has never responded to the Court's request for information regarding the status of her bankruptcy proceeding. Plaintiff never responded to the Court's directive that she "substitute or join the bankruptcy trustee, or show the trustee's ratification of this action pursuant to Fed.R.Civ.P. 17(a)(3)." (docket # 91) Alternatively, Plaintiff never "amended her complaint to allege that the lawsuit is exempt from the bankruptcy estate or has been abandoned by the bankruptcy trustee." (docket # 91) Additionally, Plaintiff never filed a First Amended Complaint as directed in the December 2, 2009 Order. In view of Plaintiff's continued disregard for Court orders, the Court will consider whether this matter should be dismissed pursuant to Fed.R.Civ.P. 41(b).

**III. Dismissal Pursuant to Fed.R.Civ.P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b). In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or comply with a court order, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. A district court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Federal Rule of Civil Procedure 41(b) with prejudice for failure to prosecute or for failure to comply with a court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Yourish v. California Amplifier*, 191 F.3d 983, 987 (9th Cir. 1999). Moreover, in appropriate circumstances, a district court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633. Furthermore, unless the court's order specifies otherwise, a dismissal under [Rule 41(b)] . . . operates as an adjudication upon the merits." Fed.R.Civ.P. 41(b).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990); *Ferdik*, 963 F.2d at 1260 (stating that the first two dismissal factors favor dismissal and noting that "it is incumbent upon [the Ninth Circuit] to preserve the district courts' power to manage their dockets without being subject to endless vexatious noncompliance of litigants. . . .")

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to comply with the Court's orders prevents the case from proceeding in the foreseeable future. Because Plaintiff is no longer the party in interest in this case, the propriety of permitting this case to proceed without further information regarding the status of Plaintiff's bankruptcy is unclear. Plaintiff's failure to respond to several Court orders and to provide the relevant information regarding the status of this case in light of her bankruptcy proceeding has brought this case to a halt, causing unreasonable delay. Plaintiff's failure to respond to the Court's orders and failure to clarify the status of this action has prejudiced Defendants because it has impeded the scheduling of a Rule 16 conference and the commencement of discovery.

The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether less drastic alternatives are available and appropriate. The Ninth Circuit recognizes that "warning a party that his failure to obey the court's order will result in the dismissal can satisfy the 'consideration of alternatives' requirement." *Id.* (citing *Malone v. United States Postal Service*, 833 F.2d 128, 132-33 (9th Cir. 1987)). The Court has repeatedly warned Plaintiff that failure to respond to its show cause orders could result in dismissal. Plaintiff has disregarded each of the Court's orders to show cause. Accordingly, the Court finds it unnecessary to continue issuing warnings which Plaintiff disregards.

- 6 -

Even though *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *pro se* litigants must become familiar, and comply, with the Rules of Civil Procedure and the Local Rules of Practice for the District Court for the District of Arizona. *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although *pro se*, [*pro se* litigant] is expected to abide by the rules of the court in which he litigates.") (citations omitted).

Dismissal without prejudice is appropriate in this case. The Court has given Plaintiff numerous opportunities to provide information regarding her bankruptcy proceeding. The Court has issued three separate orders to show cause, all of which Plaintiff has disregarded. Recently, Plaintiff has failed to respond to several motions filed by Defendants in this action. (docket ## 93, 94) Plaintiff's continued failure to respond to Court orders and to respond to motions in this case indicate her lack of interest in pursuing her claims in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Despite several orders directing Plaintiff to do so, Plaintiff, who is no longer the real party in interest in this case, has never substituted or joined the bankruptcy trustee; has never shown that the bankruptcy trustee ratified this action pursuant to Fed.R.Civ.P. 17(a)(3); has never amended her Complaint to allege that her lawsuit is exempt for the bankruptcy estate or has been abandoned by the bankruptcy trustee; and has never shown cause why it is unnecessary for her to take any of the foregoing actions.

The State Defendants' Renewed Motion to Dismiss With Prejudice contends that Plaintiff's "bankruptcy has now been resolved . . . ." but no evidence has been provided to the Court substantiating that Plaintiff's January 8, 2010 bankruptcy petition in 2:09-bk-31573-RTB has been dismissed. (docket # 93 at 1) Because this representation is not reliable, the Court will recommend the State Defendants' Renewed Motion be denied/

In view of the Plaintiff's continued disregard for Court orders, the undersigned recommends that this matter be dismissed without prejudice. Additionally, Plaintiff has requested to dismiss her case without prejudice.

Accordingly,

**IT IS RECOMMENDED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and on Plaintiff's Motion (docket # 92), this matter be **DISMISSED** without prejudice for failure to comply with Court orders.

**IT IS FURTHER RECOMMENDED** that the Motion of Defendants Vanderpool, Cody, and Denlinger to Dismiss, docket # 93, be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

**IT IS ORDERED** that the Clerk of Court shall mail a copy of this Report and Recommendation to Lawrence J. Warfield, P.O. Box 14647, Scottsdale, AZ 85267.

Dated this 10th day of June, 2010.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge